UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-25182-CIV-WILLIAMS

LEON BORENSTEIN,

    Plaintiff,

vs.

WILLIAMS ISLAND PROPERTY OWNERS
ASSOCIATION, INC.

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court upon Defendant Williams Island Property Owners Association, Inc's., ("Defendant") motion to dismiss (DE 34), to which Plaintiff, Leon Borenstein ("Plaintiff") filed a response (DE 39), and Defendant a reply (DE 40). For the reasons discussed below, Defendant's motion to dismiss (DE 34) is **GRANTED**.

## I. BACKGROUND

Plaintiff is a Jewish individual of Mexican national origin. (DE 33 ¶¶ 10-11). On September 23, 2015, Plaintiff was employed by Defendant as a food and beverage director. (DE 33 ¶ 12). Plaintiff alleges that during his employment with Defendant, his supervisor Janette Giddings "created a hostile work environment" and subjected him to "harassment, bullying, and discrimination." (DE 33 ¶ 13). Specifically, Plaintiff alleges that he was required to wear a name tag with the word "Mexico" under his name even though he is an American citizen; that Giddings refused to give him the freedom to schedule off days that she would give a similar American employee; that she cancelled a Hanukah event he had planned and stated "[w]e have enough Jews in the Club as it is";

1

and that she altered his title/position to a lesser one. (DE 33 ¶¶ 15-22). On December 10, 2015, Plaintiff was terminated by Defendant as a result of these discriminatory acts. (DE 33 ¶¶ 28, 36, 45).

On September 1, 2016, Plaintiff initiated a complaint with the Equal Employment Opportunity Commission ("EEOC"), who rejected Plaintiff's claim and issued a right-to-sue letter. Based on the factual allegations described above, Plaintiff advances three causes of action: (1) discrimination based on national origin; (2) discrimination based on religion; and (3) negligent hiring, retention and supervision.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations presented. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Nevertheless, while a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). The "[f]actual allegations must be enough to raise a

2

right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint for several reasons. First Defendant argues that Plaintiff's complaint fails to satisfy the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Second, Defendant argues that Plaintiff's complaint fails to state a claim for religious and national origin discrimination because Plaintiff's discrimination claims do not satisfy the elements of a prima facie case of discrimination set forth in the Supreme Court's decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Finally, Defendant argues that Plaintiff's claim for negligent hiring, retention and/or supervision fails because such claims cannot be based on harassment or discrimination.

### a. Plaintiff's National Origin and Religious Discrimination Claims

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Defendant argues that Plaintiff has failed to establish a prima facie case of discrimination by failing to show that (a) Defendant treated similarly situated employees outside of the protected class more favorably (b) that he suffered an adverse employment action, and (c) that he was qualified for the job.

In the employment discrimination context, courts have struggled to determine what plaintiffs must allege in their pleadings in order to survive a motion to dismiss under Rule 12(b)(6). *See Ashmore v. F.A.A.*, No. 11-CV-60272, 2011 WL 3915752, at *3 (S.D. Fla.

3

Sept. 2, 2011). The Supreme Court, however, has made clear that a plaintiff does not need to establish a prima facie discrimination case in order to survive a Rule 12(b)(6) motion. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, (2002) (explaining that the *McDonnell Douglas* burden-shifting standard for making out a prima facie case "is an evidentiary standard, not a pleading requirement").

Even though *Swierkiewicz* predated *Twombly* and *Iqbal,* the Eleventh Circuit has reaffirmed *Swierkiewicz* stating that it remained the case that "[a] complaint in an employment discrimination case need not contain specific facts establishing a prima facie case under the evidentiary framework for such cases to survive a motion to dismiss." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011). Nevertheless, the Court in *Henderson* explained that the complaint must "contain sufficient factual matter to support a reasonable inference that [the defendant] engaged in racial discrimination .... [The plaintiff] could have met this standard by alleging facts showing that similarly-situated loan applicants outside her racial class were offered more favorable loan terms." *Id.* "Thus, it appears that a plaintiff establishing a prima facie case of discrimination under *McDonnell* likely survives a Rule 12(b)(6) motion. However, when a plaintiff falls short of such a prima facie case the court must determine whether the plaintiff may have nevertheless alleged enough to survive a Rule 12(b)(6) motion." *Ashmore*, 2011 WL 3915752, at *3.

To plead a prima facie case for discrimination, Plaintiff must allege that "(1) he is a member of a protected class, (2) he was subjected to an adverse employment action, (3) his employer treated similarly situated employees outside of his protected class more favorably, and (4) he was qualified to do the job." *Word v. AT&T*, 576 F. App'x 908, 914

4

(11th Cir. 2014). To satisfy the third element, the plaintiff must identify at least one similarly-situated employee who was treated differently than him. *See Dawson v. Miami-Dade Cty.*, No. 07-20126 CIV, 2008 WL 1924266, at *8 (S.D. Fla. Mar. 11, 2008). The proffered employee must be similar to plaintiff "in all material respects." *Lewis v. City of Union City, Georgia*, No. 15-11362, 2019 WL 1285058, at *12 (11th Cir. Mar. 21, 2019).

The Court agrees that Plaintiff has not established a prima facie case of discrimination because he has failed to sufficiently identify a single similarly-situated employee who was treated differently than him. Although Plaintiff claims that "the other American employee" was given more freedom to schedule off days, he does not provide any sort of detail about this comparator. Plaintiff does not allege the other employee's national origin or religion. Nor does he allege that the other employee was similarly situated to him in terms of employment responsibilities. Such general comments are insufficient to establish a prima facie case. *See Arafat v. Sch. Bd. of Broward Cty.*, 549 Fed. Appx. 872, 874 (11th Cir. 2013) (per curiam) (affirming an order dismissing a case for failure to state a claim when the plaintiff's complaint "generically referenced younger males, but nowhere in her complaint d[id] she identify any valid comparators to undergird her disparate treatment claims"). Additionally, nowhere in the complaint does Plaintiff allege that he was qualified for his position. Therefore, Plaintiff has not established a prima facie case of discrimination.

Plaintiff has also failed to state a claim under the Eleventh Circuit's reading of *Swierkiewicz*. In *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004) the Eleventh Circuit explained that "while *Swierkiewicz* made clear that pleading a *McDonnell Douglas* prima facie case was not necessary to survive a motion

5

to dismiss, it did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." The Court then found that plaintiffs failed to state a claim because "the wholly unsupported charge that the defendants acted differently in cases not involving minority plaintiffs, even if it were supported by some specific facts or examples, is not sufficient to state a claim for racially motivated discrimination." *Id.* at 1273 (finding that "to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race" and plaintiffs "failed to identify *any* specific nonminority employees who were treated differently in other similar cases").

Thus, even under *Swierkiewicz*, Plaintiff must allege some facts to support an inference that similarly situated employees have been favorably treated. Plaintiff's allegation that "the other American employee" was given more freedom scheduling off-days, without more, is insufficient to support the inference that he was terminated because of his national origin or religion. *Ashmore*, 2011 WL 3915752, at *4 (internal citation omitted). Accordingly, the Court finds that Plaintiff has failed to state a claim for national origin and religious discrimination.

### b. Plaintiff's Negligent Hiring, Retention and/or Supervision Claim

A principal may be subject to liability "for physical harm to third persons caused by [its] failure to exercise reasonable care to employ a competent and careful employee/agent/contractor to: (a) do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) perform any duty which the employer owes to third persons." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 (S.D.

6

Fla. 2011). To state a claim for negligent hiring or retention against a principal, a plaintiff must prove that "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Id.*

"The principal difference between negligent hiring and negligent retention as a basis for employer liability is the time at which the employer is charged with knowledge of the employee's unfitness." *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1249 (S.D. Fla. 2014). Negligent hiring occurs when, "prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness, and the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Id.* Whereas, liability for negligent retention "occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as investigating, discharge or reassignment." *Franza v. Royal Caribbean Cruises, Ltd.*, 948 F. Supp. 2d 1327, 1334 (S.D. Fla. 2013). Defendant moves to dismiss Plaintiff's negligent hiring/retention claim arguing that this type of claim cannot be based on harassment or discrimination and arguing that Plaintiff's claim is barred because Plaintiff suffered no physical injury.

The Court agrees with Defendant. First, under Florida law "the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort [that] is recognized under common law." *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999). Because Florida law does not recognize a common law cause of action for

7

harassment or discrimination, Florida law cannot recognize a common law action based on the negligent failure to maintain a workplace that is free of discrimination or harassment. See Id. (dismissing claim for negligent hiring/retention based on sexual harassment).

Second, under Florida's "impact rule" a plaintiff cannot recover damages for emotional distress caused by the negligence of another if the plaintiff has not sustained any physical impact or contact. See Miami-Dade Cty. v. Cardoso, 922 So. 2d 301, 301 (Fla. 3d DCA 2006) (reversing judgment related to plaintiff's claim for negligent supervision where plaintiff failed to show impact or physical injury); Resley v. Ritz–Carlton Hotel Co., 989 F. Supp. 1442, 1449 (M.D. Fla. 1997) (holding that a plaintiff's negligent retention and hiring claims failed because the plaintiff did not allege physical injury, thereby satisfying Florida's impact rule); Jenks v. Naples Cmty. Hosp., Inc., 829 F. Supp. 2d 1235, 1257–58 (M.D. Fla. 2011) (granting defendant's summary judgment on negligent supervision and retention claim where plaintiff failed to allege an impact); Weld v. Se. Cos., Inc., 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998) (granting motion to dismiss negligent supervision cause of action for failure to state a claim where plaintiff's complaint failed to satisfy the impact rule).

Here, Plaintiff has not alleged the elements of a negligent hiring, retention/supervision claim. Nor did he respond to Defendant's argument that this type of claim cannot be based on harassment or discrimination. Additionally, Plaintiff did not allege any physical injury upon which his claims can be based. Although Plaintiff claims in his response to the motion to dismiss that he did suffer physical injury, Plaintiff cannot amend his complaint through a response to a motion to dismiss. See Burgess v. Religious

Tech. Ctr., Inc., 600 Fed. Appx. 657, 665 (11th Cir. 2015). Accordingly, Plaintiff's claim for negligent hiring, retention/supervision fails.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's motion to dismiss Plaintiff's complaint (DE 34) is **GRANTED**.
2. Count III of Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.
3. Counts I and II of Plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within 10 days from the date of this Order.[1] Failure to do so will result in dismissal of this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 28 day of March 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that this is the third time that the Court dismisses Plaintiff's complaint. (See DE 5; DE 32). Despite numerous warnings that Plaintiff must comply with the federal rules of civil procedure and multiple opportunities for Plaintiff to amend the complaint, Plaintiff has been unable to articulate facts to support his claims. The Eleventh Circuit has found "that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999). Nevertheless, the Court will allow Plaintiff to amend his discrimination claims one final time.